GROTSKY and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*April 15—May 9, 1922.*

*Criminal law: Traffic in intoxicating liquors: Admission of agent: Proof of agency: Evidence: Sufficiency.*

1. In order to make the admissions of an agent admissible to establish agency for an accused person, it is first necessary to make a *prima facie* case of agency by other competent testimony.

2. In a prosecution for having in possession and trafficking in intoxicating liquor, evidence that one who subsequently delivered the whisky to the prosecuting witness was present when the witness ordered the whisky from the accused, but without any evidence that he was in his employ, is not sufficient to establish the agency of such person for the accused so as to render admissible the admissions of such agent.

3. Evidence showing that a witness heard a conversation in a foreign language between accused and one S., that S. paid money to the accused, who left his place of business and upon his return said "it was all right," and that S. and the witness, on going to their automobile, found a ten-gallon can of alcohol, is *held* sufficient to sustain a conviction of trafficking in intoxicating liquor.

ERROR to review a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed as to one plaintiff in error; reversed as to the other.*

The plaintiffs in error, *Sam Grotsky* and *Joseph Ruppa,* were copartners running a place for the sale of beverages of less than one half of one per cent. alcoholic content. They were charged with having in their possession and transporting two cases of whisky on the 15th day of December, 1920. They were tried before a jury on this charge, and *Sam Grotsky* was convicted and *Joseph Ruppa* acquitted.

The plaintiffs in error were also charged in the same indictment with having in their possession, transporting, and trafficking in, ten gallons of alcohol on the 1st of February, 1921. On this charge *Joseph Ruppa* was convicted and

*Sam Grotsky* was acquitted.   Upon the verdict each of said defendants was sentenced to pay a fine of $500, and committed to the house of correction in Milwaukee at hard labor for a term of six months.

It appears from the evidence that one Christiansen went to Kenosha and met *Grotsky* in his place of business and sought to buy some whisky from him.   *Grotsky* said he had no whisky, but that he would see what he could do, and if he was able to get any would send it up to Christiansen at Racine.   This conversation took place in the saloon of *Grotsky* and *Ruppa* and in the presence of one Pete.   Pete took no part in the conversation, and it does not appear that Pete had any interest in the matter or that he was an employee of *Grotsky* or had any business with *Grotsky*.   A couple of days after this occurrence Pete came to Christiansen in Racine with two cases of whisky, which he sold to Christiansen and received cash for the same.   Christiansen testified that he suspected that the whisky came from *Grotsky*, and that Pete admitted that it came from *Grotsky*.

In the case against *Ruppa*, the evidence on the part of the state shows that one Albert Skopiec, who lived in Racine, went to *Ruppa's* place of business in Kenosha, had a conversation with him in Polish, and paid him $200.   One Rossman, who made the trip with Skopiec, identified *Ruppa* as the person who talked with Skopiec and received the money.   The testimony shows that *Ruppa* left his place of business immediately after receiving the money, and shortly after returned and said it was all right.   Skopiec and Rossman then went out to their automobile, in which they had made the trip, and found a ten-gallon can had been put in the car, which was afterwards found to contain alcohol. This was transported to Racine.

Proper motions were made to discharge the plaintiffs in error and set aside the verdict and judgment, all of which were denied and exceptions taken.

*Vincent D. Hennessey* of Milwaukee, for the plaintiffs in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Mortimer E. Walker* of Kenosha, special prosecuting attorney, and *Mr. Messerschmidt.*

CROWNHART, J.    It appears from the foregoing statement of facts that there was no evidence to show that Pete was the agent of *Grotsky* in the transportation and sale of two cases of whisky except the admission of Pete, which was taken under objection.    In order to make the admission of Pete admissible in evidence to establish agency, it was first necessary to make a *prima facie* case of agency by other competent testimony.    As we view the evidence, there is no competent testimony to establish that fact.    Mere suspicion is not a sufficient basis for conviction in a criminal case, where proof of the offense charged beyond reasonable doubt is necessary.    The judgment and verdict against *Grotsky* should be set aside and he should be discharged.

As to the plaintiff in error *Ruppa,* the evidence is sufficient to sustain the verdict of guilty of the jury.    Exception was taken to the introduction of certain evidence of the commission of other offenses.    We see no error in the rulings of the trial court, and conviction must be sustained.

*By the Court.*—The judgment of the circuit court against *Sam Grotsky* is reversed, with directions to dismiss the case.    The judgment against *Joseph Ruppa* is affirmed.